IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EVERETT BIGLER, et al.,

    Plaintiffs,

v.

U.S. BANK TRUST,

    Defendant.

Case No. 16-cv-4194-DDC-KGS

**MEMORANDUM AND ORDER**

Plaintiffs filed this action pro se on September 28, 2016, in the Third Judicial District Court of Shawnee County, Kansas. In their petition, plaintiffs allege that defendant U.S. Bank Trust violated federal laws, including the Truth in Lending Act ("TILA") and the Home Ownership and Equity Protection Act ("HOEPA"). Plaintiffs assert they were subject to defendant's predatory lending practices, and suffered injuries as a result. Defendant removed the case to federal court on December 30, 2016. Plaintiffs have been absent since filing suit. Their absentee status manifested itself in several ways. For instance, they have defaulted on their obligation under our rules to file timely responses to defendant's Motion to Dismiss (Doc. 3) and the court's Order to Show Cause (Doc. 7).

On April 7, 2017, this court issued an Order to Show Cause directing plaintiffs to submit a written explanation to the court why it should not consider and rule on defendant's motion as uncontested under D. Kan. Rule 7.4(b). The court directed plaintiffs to respond by April 13, 2017. That deadline has passed, so the court rules on defendant's Motion.

1

## I. Legal Standard

### A. Failure to Respond

D. Kan. Rule 7.4(b) provides: "a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum" absent a showing of excusable neglect. "If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion." D. Kan. Rule 7.4(b). "Ordinarily, the court will grant the motion without further notice." *Id.*

Although the court could grant defendant's motion under Rule 7.4(b) without further discussion, the court also rules on the motion to dismiss based on its merits. *E.g.*, *Gee v. Towers*, No. 16-2407, 2016 WL 4733854, *1 (D. Kan. Sept. 12, 2016) (dismissing complaint under Rule 7.4(b), but also considering motion to dismiss on its merits).

### B. Motion to Dismiss

Defendant moves to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

On a motion to dismiss under Rule 12(b)(6)—like the one at issue here—the court assumes that a complaint's factual allegations are true, but need not accept mere legal conclusions as true. *Id.* at 1263. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to state a claim for relief. *Iqbal*, 556 U.S. at 678. In addition to the complaint's factual allegations, the court also may consider "attached exhibits and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

**C. Pro Se Plaintiff**

Because plaintiffs bring this lawsuit pro se, the court construes their pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of their advocate. *Id.* Also, plaintiffs' pro se status does not excuse them from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Nor are plaintiffs relieved from complying with the rules of the court or facing the consequences of noncompliance. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

## II. Analysis

Plaintiffs' Petition consists of only three sentences. First, plaintiffs ask the court to hold defendant accountable for violating two federal laws—the TILA and the HOEPA. Second, plaintiffs assert that defendant engaged in predatory lending techniques. Finally, plaintiffs request punitive damages for mental and physical injuries.

Plaintiffs' Petition fails to state a claim upon which relief can be granted. Liberally construing the Petition, plaintiffs allege that defendant violated the TILA and the HOEPA. But plaintiffs have not alleged any facts demonstrating how defendant violated these laws. And plaintiffs have not alleged any facts from which the court could conclude that defendant had a relationship with plaintiffs that could permit defendant to violate the TILA or the HOEPA and give the plaintiffs a right to recover. *See Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1179 (10th Cir. 2012) ("TILA requires lenders to provide borrowers with certain clear and accurate disclosures, and lenders face criminal penalties and damages for noncompliance"; "HOEPA is just an amendment to TILA itself.") Plaintiffs have not alleged that they borrowed money from defendant. In short, plaintiffs have not pleaded a claim with enough factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court thus dismisses this case without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 3) is granted and this case is dismissed without prejudice.

**IT IS SO ORDERED.**

**Dated this 31st day of May, 2017, at Topeka, Kansas.**

        **s/ Daniel D. Crabtree**
        **Daniel D. Crabtree**
        **United States District Judge**